IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CATHERINE F. LANGELLA,<br><br>Plaintiff<br><br>v.<br><br>DOMINIC A. CERCONE, JR. et al.,<br><br>Defendants | Case No. 09-cv-312E |

## OPINION

Pending before this Court is the "Motion of Defendant Christopher G. Hauser, Esq. To Dismiss Amended Complaint" [Doc. #18]. For the reasons set forth below, Attorney Hauser's Motion to Dismiss is granted and the Amended Complaint filed against him by Plaintiff Catherine Langella ("Plaintiff") dismissed; said dismissal, however, is without prejudice to Plaintiff to file a Second Amended Complaint within the time frame stated in the Order accompanying this Opinion.

I. **Standards of Review.**

As explained by the Third Circuit Court in Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009):

> when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Id. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." Id. at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. See Phillips, 515 F.3d at 234-35. As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility

of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " Iqbal, 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Fowler, 578 F.3d at 210-211. See also Iqbal, 129 S.Ct. at 1949 (quoting Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965-66 (2007) ("a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); Twombly, 127 S.Ct. at 1965 (factual allegations of a complaint "must be enough to raise a right to relief above the speculative level."). "This [standard] 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 127 S.Ct. at 1965). Thus, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1965 (citations omitted).

In examining a *pro se* complaint that has been challenged by a motion to dismiss, said complaint is to be liberally construed. Alston v. Parker, 363 F.3d 229, 234 (3d Cir. 2004) (citing Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003)). Indeed, the Supreme Court has held that, after Twombly, the Court is required to hold a pro se complaint, "to less stringent standards than formal pleadings drafted by lawyers," however inartfully pled. Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citing Estelle v. Gamble, 97 S.Ct. 285 (1975)). See also Holley v. Dept.

2

of Veterans Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999) (holding that the court must read a pro se complaint for substance and apply the applicable law, regardless of whether the plaintiff used the appropriate names for his or her claims).

## II. Factual Allegations.

Relevant to her Section 1983 claim against Attorney Hauser, Plaintiff alleges the following. Attorney Hauser is an attorney in private practice who is a close friend of Plaintiff's husband. Amended Complaint, ¶¶ 5 and 38. From November 2, 2007 to December 12, 2007, Plaintiff was incarcerated at the McKean County Prison for allegedly violating the terms of bail that was issued after Plaintiff was charged with simple assault and harassment for allegedly hitting her husband in the face. Id. at ¶¶ 12, 23. During the time period when Plaintiff was incarcerated and desperately begging to appear at a preliminary hearing and to again be released on bail, Attorney Hauser spoke to fellow Defendant Dominic A. Cercone, the judge who had originally arraigned Plaintiff and who had revoked her bail and remanded her to prison pending a previously scheduled preliminary hearing; Attorney Hauser asked Judge Cercone to do whatever he could to ensure that Plaintiff would not be released from the prison. Id. at ¶ 38. In so doing, Attorney Hauser sought to influence Judge Cercone in depriving Plaintiff of a timely hearing and/or her continued detention at the prison in violation of her rights to procedural due process under the Fourteenth Amendment. Id.

Judge Cercone falsified an official court document to attempt to show that Plaintiff had appointed counsel, James Martin, who had requested a continuance of two weeks for Plaintiff's preliminary hearing. Id at ¶ 21. At the time of the purported requested continuance, Attorney Martin had not yet been appointed to represent Plaintiff. Id.

### III. Legal Analysis of Plaintiff's 42 U.S.C. § 1983 claim.

In her Amended Complaint, Plaintiff states that she is bringing this suit pursuant to Title 42 U.S.C. § 1983 against Defendant Hauser individually for violation of certain protections afforded to her by the First, Fifth, Eighth, Ninth and Fourteenth Amendment to the United States Constitution by Defendant Hauser, individually. Amended Complaint, ¶ 5. She further alleges "[b]ecause of the unilateral and cooperative actions of all Defendants, Plaintiff was deprived of every one of her Constitutional Rights of Due Process and Equal Protection under the law." Id. at 40.

In her Response to Defendant Hauser's Motion to Dismiss, however, Plaintiff clarifies her claims against Attorney Hauser: "Plaintiff's Complaint, when read in its entirety, sets forth plausible facts to support a claim for Section 1983 conspiracy liability on the part of Defendants Hauser and Cercone [to deprive her of her due process rights]." Plaintiff's Response to Defendant Christopher G. Hauser's Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) ("Plaintiff's Response"), p. 3. She further explains her Section 1983 claim against Attorney Hauser as follows:

> The Plaintiff's Complaint alleges that, during the period of her incarceration at the McKean County Prison, Hauser called Defendant Cercone and attempted to influence and persuade Defendant Cercone to keep Plaintiff behind bars as long as possible. The Complaint also alleges that Defendant Cercone falsified an official court document and continued a scheduled preliminary hearing under the false premise that Plaintiff's "counsel" had requested the continuance. Plaintiff contends that Defendant Hauser conspired with Defendant Cercone to deprive her of her due process rights under the United States Constitution to a timely preliminary hearing.

Plaintiff's Response, p. 2. As such, we are limiting our review of Plaintiff's Amended Complaint to an examination of whether Plaintiff has stated a claim for Section 1983 conspiracy

4

liability with respect to Attorney Hauser upon which relief can be granted.

42 U.S.C. §1983 ("§1983") provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulations, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Id. "In any § 1983 action the initial inquiry must focus on whether the two essential elements to a § 1983 action are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred." Baker v. McCollan, 443 U.S. 137, 145 n. 3, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979).

Plaintiff claims that Attorney Hauser and Judge Cercone conspired to violate her due process rights in violation of Section 1983. In order to state a cause of action for civil conspiracy under §1983, a plaintiff must plead both the elements of cause of action under §1983 and conspiracy. See Marchese v. Umstead, 110 F.Supp. 2d 361, 371 (E.D. Pa. 2000) (citing Holt Cargo Systems, Inc. v. Del. River Port Auth., 20 F.Supp. 2d 803, 843 (E.D. Pa. 1998), aff'd, 165 F.3d 242 (3d Cir. 1999) ("there can be no liability for a conspiracy to violate section 1983 without an actual violation of section 1983") (citations omitted)). While a heightened pleading standard generally does not apply to civil rights actions against individual defendants and

5

municipalities, see, for example, Verney v. Pa. Turnpike Commission, 881 F.Supp. 145, 149 (M.D. Pa. 1995); Loftus v. Southeastern Pa. Transp. Auth., 843 F.Supp. 981, 985 n. 4 (E.D. Pa. 1994), a complaint that alleges a conspiracy must be pled with particularity. Miskovich v. Walsh, 2010 WL 1643625, *2 (W.D. Pa. April 22, 2010) (Lenihan, J.); Bieros v. Nicola, 860 F.Supp. 223, 225 (E.D. Pa. 1994) (citing Loftus, 843 F.Supp. at 985) (internal citations omitted).

Attorney Hauser argues in support of his Motion to Dismiss that Plaintiff's Amended Complaint "fails to allege any facts to support a claim that Hauser and Cercone conspired to deprive Langella of any constitutionally protected rights." Brief of Defendant Christopher G. Hauser, Esq. In Support of Motion to Dismiss ("Hauser's Supporting Brief"), p. 6. With respect to the conspiracy aspect of a Section 1983 conspiracy claim, in order to survive a Rule 12(b)(6) motion to dismiss, a plaintiff's "allegations of a conspiracy must provide some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action." Capogrosso v. The Supreme Court of N.J., 588 F.3d 180, 185 (3d Cir. 2009) (quoting Crabtree v. Muchmore, 904 F.2d 1475, 1480-81 (10th Cir. 1990)). Indeed, a plaintiff is required to allege that two or more co-conspirators reached an agreement for the purpose of depriving him of his constitutional rights under color of state law. Parkway Garage, Inc. v. City of Phila., 5 F.3d 685, 700 (3d Cir.1993) (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 90 S.Ct. 1598 (1970)). "It is not enough to allege that the end result of the parties' independent conduct caused plaintiff harm or even that the alleged perpetrators of the harm acted in conscious parallelism." Spencer v. Steinman, 968 F.Supp. 1011, 1020 (E.D. Pa. 1997). Rather, the plaintiff must show that the alleged conspirators "directed themselves toward an unconstitutional action by virtue of a mutual understanding or agreement." Chicarelli v. Plymouth Garden Apartments, 551 F.Supp. 532, 539

(E.D. Pa. 1982) (citing Tarkowski v. Robert Bartlett Realty Co., 644 F.2d 1204 (7th Cir. 1980)).

While Plaintiff contends that her "Complaint and Amended Complaint, when read in its entirety, state facts from which it can be inferred that there was an agreement between Defendant Hauser and Defendant Cercone to deprive Plaintiff of her due process rights, and that Defendant Cercone thereafter took actions in furtherance of the agreement," we disagree. See Plaintiff's Response, p. 2. The allegations in Plaintiff's Amended Complaint do not "provide some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action" and as such, Defendant's motion to dismiss Plaintiff's Section 1983 conspiracy claim must be granted and the claim dismissed.

Attorney Hauser also argues that Plaintiff's Section 1983 conspiracy claim against him must be dismissed because he is not a state actor. Hauser's Supporting Brief, pp. 6-7. "[T]o act 'under color of' state law for § 1983 purposes does not require that the defendant be an officer of the State. It is enough that he is a willful participant in joint action with the State or its agents. Private persons, jointly engaged with state officials in the challenged action, are acting see 'under color' of law for purposes of § 1983 actions." Dennis v. Sparks, 449 U.S. 24, 27-28 (1980) (citations omitted). See also Adickes v. S. H. Kress & Co., 398 U.S. 144, 152, 90 S.Ct. 1598, 1605 (1970) ("a private party involved in such a conspiracy [with a state official], even though not an official of the State, can be liable under §1983."). For example, in Dennis the allegations were that an official act of a defendant judge was the product of a corrupt conspiracy between the judge and private parties. The Court held that "[u]nder these allegations, the private parties conspiring with the judge were acting under color of state law." Dennis, 449 U.S. at 28. As pled, Plaintiff's Amended Complaint does not contain factual allegations that would establish that

7

Attorney Hauser was acting under color of state law.

Attorney Hauser's motion to dismiss Plaintiff's Section 1983 conspiracy claim against him is granted for failure to state a claim upon which relief can be granted.[1] Said dismissal is without prejudice to Plaintiff to file a second Amended Complaint curing said deficiencies within the time frame stated in the Order accompanying this Opinion.

**IV. Conclusion.**

An appropriate Order follows.

June 9th, 2010

Maurice B. Cohill, Jr.
Senior District Court Judge

---

[1] Given this conclusion, it is unnecessary to address Attorney Hauser's remaining argument that Plaintiff's Section 1983 conspiracy claim is barred under the Rooker-Feldman doctrine and we elect not to do so at this time. Attorney Hauser is free to raise this argument at an appropriate time in the future.